<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD WALL,<br><br>           Petitioner,<br><br>      v.<br><br>TERRY MOORE, et al.,<br><br>           Respondents. | Civil No. 03-4613 (DMC)<br><br><u>O P I N I O N</u> |

**APPEARANCES:**

    EDWARD WALL, #506659B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner <u>pro se</u>

    GREGORY R. GONZALEZ, Assistant Prosecutor
    HUDSON COUNTY PROSECUTOR
    595 Newark Avenue
    Jersey City, New Jersey
    Attorneys for Respondents

<u>CAVANAUGH</u>, District Judge

    Edward Wall filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Hudson County.  Respondents filed an Answer, arguing that the Petition is untimely and should be denied on the merits.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely and declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on March 21, 1996, in the Superior Court of New Jersey, Law Division, Hudson County, after a jury convicted him of unlawful possession off a weapon and possession of a weapon for an unlawful purpose.[1] The Law Division granted the State's motion for an extended sentence as a persistent offender and sentenced Petitioner to an aggregate 20-year term of imprisonment, with 10 years of parole ineligibility. Petitioner appealed, and in an opinion filed on April 14, 1998, the Appellate Division of the Superior Court of New Jersey affirmed the conviction. On July 13, 1998, the Supreme Court of New Jersey denied certification. State v. Wall, 155 N.J. 587 (1998) (table).

On June 6, 2000, Petitioner filed a petition for post conviction relief in the Law Division. (Petitioner's Mem. of Law at 3.) The Law Division denied relief, and Petitioner appealed. In an opinion filed April 10, 2003, the Appellate Division affirmed the order denying post conviction relief. On July 21, 2003, the Supreme Court of New Jersey denied certification. State v. Wall, 177 N.J. 495 (2003) (table).

Petitioner executed the Petition which is now before the Court on September 24, 2003. The Clerk received it on September 29, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents four grounds:

---

[1] Following the jury verdict, Petitioner pled guilty to Count Six, certain persons not to have weapons, contrary to N.J. Stat. Ann. § 2C:39-7(b).

2

>Ground One:  PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF DUE PROCESS BY THE SUPPRESSION OF CRAIG JOHNSON'S TAPED STATEMENT, WHICH JOHNSON REPUDIATED AT TRIAL, BUT THE JURY NEVER GOT TO HEAR BECAUSE IT WAS REPLACED WITH A TRANSCRIPT OF SOMEONE ELSE'S VERSION OF THE TRANSCRIPT.
>
>Ground Two:  PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF THE EFFECTIVE ASSISTANCE OF COUNSEL BY THE STATE'S WILLFUL FAILURE TO TURN OVER CRAIG JOHNSON'S TAPED STATEMENT SO THAT THE TAPE COULD BE USED AT TRIAL.
>
>Ground Three:  PETITIONER WAS DENIED HIS RIGHT OF DUE PROCESS TO A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT WHEN THE PROSECUTOR FAILED TO TURN OVER TO THE DEFENSE THE TAPED STATEMENT OF CRAIG JOHNSON, BUT THE [sic] USED IT TO CONFRONT THE WITNESS WITH AT TRIAL.
>
>Ground Four:  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT OF THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

(Mem. of Law in Support of Pet. at 5, 7, 9, 12.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 13, 1998. State v. Wall, 155 N.J. 587 (1998) (table). The statute of limitations therefore began to run on October 12, 1998, the date on which the judgment became final by the expiration of the

time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 365 days until it expired on October 12, 1999. Because Petitioner did not file his first state petition for post conviction relief until June 6, 2000, (Petitioner's Mem. of Law at 3; Ra144-150), the limitations period was not statutorily tolled before it expired on October 12, 1999. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed).

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under these circumstances, the statute of limitations expired on October 12, 1999. Because Petitioner filed his § 2254 Petition on September 24, 2003, and because he was not entitled to statutory or equitable tolling during the one-year limitations period, his Petition is barred by the statute of limitations. This Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: _____, 2005